## Louisville Railway Company v. Philippina Steubing's Admr.

### (Decided April 27, 1911.)

### Appeal from Jefferson Circuit Court

### (Common Pleas Branch, Second Division).

1. The court will not disturb a verdict simply because the jury believe one set of witnesses rather than another.

2. There being evidence that an injury brought about a condition that might develop into a cancer, which the person would not otherwise have suffered from, it was proper to submit to the jury, the question whether the injury was the proximate cause of the cancer which in fact followed the injury.

3. The defendant was not substantially prejudiced by the reading to the jury of its answer which was only a traverse of the petition, this being the defense shown by its evidence on the trial.

FAIRLEIGH, STRAUS & FAIRLEIGH and HOWARD B. LEE for appellant.

CHAS. H. SHIELD, CAMDEN R. McATEE and O'DOHERTY & YONTS for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE HOBSON—Affirming.

Philippina Steubing brought this suit against the Louisville Railway Company to recover damages for an injury sustained in being thrown from one of the defendant's cars as she was about to alight from it. According to the proof for her, the car was proceeding

south on Preston street and stopped on the north side of St. Catherine street for the purpose of allowing her and her daughter to alight. After the car stopped she got out of her seat and went upon the platform of the car and just as she was stepping from the platform to the step it was suddenly started by the motorman without a signal. The sudden start of the car threw her from the platform to the ground. She was a large woman. The handle of an umbrella which she had in her hand bruised her breast as she fell upon the ground. The conductor as soon as the car stopped helped her up. She thought at the time that she was not hurt, and said so, but soon found that she was worse hurt than she supposed. Her chest and side were badly bruised by the fall; her arm was also badly bruised and gave her no little pain. She was under a physician from the time of the accident and suffered very greatly. Within six months after the accident a tumor appeared on her breast at the point where it was bruised by the umbrella handle. It was then about as large as an English walnut and the physician advised her to have an operation performed, but this she did not do, and about a year after this, she returned to the physician who told her that she must have the operation performed at once. The tumor had then developed into a cancer of the breast. The operation was performed but she died not long afterwards. The suit which was brought in her lifetime was then revived in the name of her personal representative, and upon a trial of the case, there was a verdict and judgment in his favor for $7,500.00. The railway company appeals.

The proof on behalf of the railway company is to the effect that the car did not stop on the north side of St. Catherine street, but was slowing down with a view to stopping on the south side and that when it was about to stop and was in the middle of the street Mrs. Steubing went out on the platform and either stepped or fell from it. It is earnestly maintained for the railway company that the weight of the evidence is with it on the question of fact as to how the accident happened, but this matter was fairly submitted to the jury by the instructions which the court gave, and we do not see that their verdict should be disturbed here because they believed one set of witnesses rather than another.

The testimony of defendant's witnesses was weakened on cross-examination and the fact was clearly proved that the cars at this crossing were accustomed to stop at the north intersection because of a local condition, though at other points they usually stopped at the south intersection. Other circumstances sustained the plaintiff's witnesses.

In the original petition filed by her ten months after the injury she alleged only an injury to her head and arm. Three months later she filed an amended petition in which the tumor and the injury to the breast were set up. It is earnestly insisted that all the evidence as to the cancer should have been excluded from the jury, as it was not shown that this was the direct and proximate result of the injury. The testimony of the physicians introduced on her behalf was to the effect that fifteen per cent. of cases of cancer of the breast may be traced back to a traumatic injury; that the cause of cancer is unknown, and that it is not known that the injury in these cases was the cause of the cancer. But the physicians gave it as their opinion that in a glandular structure like the breast, where the circulation is very extensive, there are what are called embryonic cells, and that a bruise would start an embryonic call to growing and develop into a growth different from the original growth; that falling from a street car and having an umbrella punched into her breast, would be a sufficient or probable cause for the condition in which they found her; that the injury would not cause the cancer, but it might bring about a condition which would result in it when a cancer would not have otherwise existed; that any chronic inflammatory condition in the breast was liable to bring about such a condition, and that a great per cent of the tumors of the breast in women took on at some time malignancy. These physicians stated facts sustaining the view which they advanced and the defendant offered no contradictory evidence. The proof for the plaintiff was to the effect that she was a strong healthy woman without an ache or pain until her injury; that after this she was never without pain and the severity of her sufferings as well as their constancy tends strongly to confirm the conclusion of the physicians that the malignant cancer

was the result of the bruised condition of the breast which she received in the fall. At any rate there was sufficient evidence on this point to go to the jury.

In view of the uncontradicted evidence by a number of witnesses as to the extent of her sufferings and their duration, we cannot say that the verdict is excessive.

At the conclusion of the defendant's evidence it offered in evidence the plaintiff's petition and amended petition. The plaintiff thereupon offered in evidence the defendant's answer. The court allowed the answer also to be read, and of this the defendant complains. The answer was simply a traverse of the petition, and as this was the defense shown by its evidence on the trial, we cannot see how the reading of the traverse to the jury could have prejudiced the defendant's substantial rights. It is true that the answer did not respond to the matter set out in the amended petition, but this was filed after the answer was filed, and for this reason could not be responded to in the answer. On the whole case we see no error to the prejudice of the defendant's substantial rights.

Judgment affirmed.